UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TALMADGE GREENLEE, III,

    Plaintiff,

v.                                                      Case No. 03-10261-BC
                                                           Hon.  David M. Lawson
REBEKAH CHANDLER GREENLEE, BEN      Magistrate Judge Charles E. Binder
BENJAMIN,DR. JAMES BENJAMIN and
JOHN I. BENJAMIN,

    Defendants.
_____/

**OPINION AND ORDER ADOPTING IN PART MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION, DISMISSING COMPLAINT
IN PART, AND CONTINUING REFERRAL TO MAGISTRATE JUDGE**

This matter is before the Court on the recommendation of Magistrate Judge Charles E. Binder that the complaint be *sua sponte* dismissed, and the plaintiff's timely objections to the recommendation.

On November 26, 2003, the plaintiff filed a complaint against the defendants named above. The complaint read in its entirety:

**COMPLAINT**

Mail Fraud and Identity Theft of Greenlee's Spices and Talmadge Greenlee's mail. I, Talmadge Greenlee created Greenlee Spices before our marriage, which was a blending of herbs and spices.  Originally, it was called "Uncle Bubba's Hot Pit." Without my consent, the address was changed from 519 Astor to 318 Astor and I do not receive my mail as of this date.  I believe "Greenlee Spices" is being used as a vehicle to transport illigal [sic] substances.


                                                                     Talmadge Greenlee III

Several pages of documents were attached to the complaint, which referred to the plaintiff's unsuccessful attempts to redirect the delivery of his mail. The complaint was accompanied by a civil

cover sheet that identified "Property Rights – Trademark" as the nature of the suit. The Court granted the plaintiff's motion to proceed without prepayment of fees on November 26, 2003 pursuant to 28 U.S.C. § 1915. The Court then referred the case to Magistrate Judge Charles E. Binder on that same day for general case management pursuant to 28 U.S.C. § 636(b) and E.D. Mich. LR 72.1.

On December 4, 2003, the magistrate judge issued a report and recommendation recommending that the Court *sua sponte* dismiss the complaint. Because the plaintiff filed timely objections, the Court has conducted a *de novo* review of the matter.

The Court is required to review *sua sponte* the plaintiff's complaint to determine whether it states a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2); *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002). When conducting this review, a *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis,* 860 F. Supp. 391, 392 (E.D. Mich. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), that is, it is held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a cognizable legal wrong has been committed from which plaintiff may be granted relief. Fed. R. Civ. P. 12(b); *cf. Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (observing that "[t]he right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with the relevant rules of procedural and substantive law"). "The court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996). It is improper for a court to dismiss a complaint "based on a disbelief of a complaint's

factual allegations." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Ibid*. "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *In re DeLorean*, 991 F.2d 1236, 1240 (6th Cir. 1993) (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)).

The magistrate judge engaged in an indulgent reading of the complaint, as he should, and considered the plaintiff's claim as one sounding in mail fraud. However, he found that "the law does not allow a private citizen to 'charge' other citizens with criminal offenses . . . '[i]n our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [a prosecutor's] discretion.'" Report and Recommendation at 4 (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364, (1978)). To the extent that the complaint is based on mail fraud, the magistrate judge recommended that it be dismissed, and the plaintiff has not objected to dismissal under that theory. The Court will adopt the recommendation in that respect.

The magistrate judge also considered the complaint as a claim that the plaintiff's civil rights were violated to determine whether the plaintiff stated a claim under 42 U.S.C. § 1983. Because the plaintiff did not allege state action on the part of any defendant, the magistrate judge suggested that that no section 1983 claim was stated. Indeed, to establish a claim under 42 U.S.C. § 1983, the plaintiff must satisfy two elements: (1) that there was a deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under of color of state law. *Wittstock v. Mark A. Van Sile, Inc.* 330 F.3d 899, 902 (6th Cir. 2003). Under the most indulgent reading, the complaint does not state facts from which the second element could be inferred.

The magistrate judge also recommended dismissal of all claims against Ben Benjamin, Dr. James Benjamin, and John Benjamin because "the complaint contains no allegations against these three defendants." Report and Recommendation at 4-5. The plaintiff does not object to this portion of the report and recommendation, and the Court will adopt it and dismiss claims against the Benjamins.

The magistrate judge did not consider whether the plaintiff stated a claim for trademark violations, a theory that should have been evaluated in light of the plaintiff's statement on the civil cover sheet. In the few lines of the complaint, the plaintiff alleged that he started a business called "Greenlee's Spices," a possible trademark, and that the mark was being misused, presumably by defendant Rebekah Chandler Greenlee, as one might infer from the exhibits to the complaint, or that the mark was converted by her and she was using it for her own purposes. A trademark can be considered the identity of a business or product. As one commentator observed:

> In one sense, marks serve a commercially analogous function to that performed by any word in any language—to identify, distinguish and symbolize some objectively real object or person. A human being usually thinks of himself as his or her name. When asked, "Who are you?" a person usually responds with the name that symbolizes and distinguishes that person from other humans. This is a different question than "What are you?" In answer to the latter question, a person will answer in various possible levels of abstraction, depending on the context. E.g., a biped, mammal, homo sapiens, a male, a citizen of the United States, a resident of Washington, D.C., a lawyer, a Democrat, etc. All of these replies are accurate responses to the enquiry, "What are you?"
>
> In an analogous manner, a potential customer approaches goods and services offered in the marketplace and asks "What are you?" and "Who are you?" Answers are found by reading the label on a product or advertising material for the goods or services. In this sense, trademarks answer the question "Who are you?", in that this really means "Where do you come from? Who is responsible for your creation and quality?"
>
> Trademarks do not necessarily answer the question "What are you?", for the products of many sellers will answer this question with the same reply: "a box of detergent";

> "a cellular telephone"; "a personal computer"; "a color television receiver," etc. But it is the trademark that must function to reply to the customer's question "Who are you?". In this way, a mark serves to "identify" and "distinguish" this product from all other competing products.

1 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 3:6 (4th ed. 2004). A trademark used in trade can be protected under federal law and state common law without registration. "Section 43(a) of the Lanham Act provides a federal cause of action for infringement of an unregistered trademark which affords such marks essentially the same protection as those that are registered." *ETW Corp. v. Jireh Pub., Inc.*, 332 F.3d 915, 921 (6th Cir. 2003). Michigan common law also protects unregistered trademarks. *See Smith v. Imus*, 57 Mich. 456, 473, 24 N.W. 830, 837 (1885); *Smith v. Walker*, 57 Mich. 456, 458, 22 N.W. 267, 268 (1885) (denying an appeal of an award for an injunction and accounting for infringement of an unregistered trademark); Mich. Comp. Laws § 429. 44 (stating that "[n]othing contained in [the Michigan Trademark Act] shall adversely affect the rights or the enforcement of rights in marks acquired in good faith at any time at common law").

      Liberally read, the complaint states a claim for trademark infringement. When evaluating an infringement claim of an unregistered trademark, "courts must determine whether the mark is protectable, and if so, whether there is a likelihood of confusion as a result of the would-be infringer's use of the mark." *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 761 (6th Cir. 2005). Although the complaint refers to the "Identity Theft of Greenlee's Spices," which is not a common phrase used to allege trademark infringement, the complaint and exhibits make bare bones allegations touching on the elements of a trademark claim. The plaintiff alleges that he created a business named "Greenlee's Spices" before his marriage. Exhibits attached to the complaint demonstrate his use of the "Greenlee's Spices" name to identify his business selling spices and dry

-5-

barbeque sauce. He alleges that a defendant is now using the business name as a vehicle to transport illegal substances. The Court will allow the plaintiff to go forward on this theory. After a complaint survives initial screening, the plaintiff may amend his pleadings to clarify his allegations, and the magistrate judge may direct the plaintiff to do so.

Finally, the complaint also may be read to state a claim alleging that Rebekah Chandler Greenlee converted the plaintiff's mail. The complaint confusingly alleges "Identity Theft of Greenlee's Spices and Talmadge Greenlee's mail," but it does make inferential allegations that Rebekah Greenlee stole the plaintiff's mail by conversion. The Michigan Supreme Court has stated this definition of common law conversion under Michigan law:

> In the civil context, conversion is defined as any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein. In general, it is viewed as an intentional tort in the sense that the converter's actions are wilful, although the tort can be committed unwittingly if unaware of the plaintiff's outstanding property interest.

*Foremost Ins. Co. v. Allstate Ins. Co.*, 439 Mich. 378, 391, 486 N.W.2d 600, 606 (1992). The plaintiff objects to the recommendation stating "I have made all attempts to gain possession of my mail . . . I feel that I am only receiving portions of my mail . . . Please assist me in receiving my mail." Pl.'s Objection at 1-2. The body of the complaint supports a conversion claim, which states "[w]ithout my consent the address was changed from 519 Astor to 318 Astor and I do not receive my mail as of this date." In light of these statements, it appears that the plaintiff intended the phrase "Identity Theft of Greenlee's Spices and Talmadge Greenlee's mail" to allege theft of his mail.

The Court agrees in part with the magistrate judge that the plaintiff has stated no cognizable claim based on mail fraud or a violation of civil rights, or any claim against defendants Ben Benjamin, Dr. James Benjamin, or John Benjamin.

Accordingly, it is **ORDERED** that the complaint, to the extent it attempts to state claims based on mail fraud or a violation of civil rights, is **DISMISSED**.

It is further **ORDERED** that the complaint is dismissed in its entirety as to defendants Ben Benjamin, Dr. James Benjamin, and John Benjamin.

It is further **ORDERED** that the matter is referred to the magistrate judge under the present order for general case management as to the remaining portions of the plaintiff's complaint in accordance with this opinion and order.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: April 26, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 26, 2005.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---