UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TALMADGE GREENLEE III,

    Plaintiff,                          CASE NO. 03-CV-10261

v.                                        DISTRICT JUDGE DAVID M. LAWSON
                                         MAGISTRATE JUDGE CHARLES E. BINDER

REBEKAH CHANDLER GREENLEE,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that this case be *SUA SPONTE* **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**II.    REPORT**

    **A.    Introduction & Procedural History**

By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management on November 26, 2003. The original *pro se* complaint consisted of the following single paragraph:

> Mail Fraud and Identity Theft of Greenlee's Spices and Talmadge Greenlee's Mail. I, Talmadge Greenlee created Greenlee spices before our marriage, which was a blending of herbs and spices. Originally, it was called "Uncle Bubba's Hot Pit." Without my consent, the address was changed from 519 Astor to 318 Astor and I do not receive my mail as of this date. I believe "Greenlee Spices" is being used as a vehicle to transport illigal [sic] substances.

(Compl., Dkt. 6 at 1.) Attached to the complaint were several pages of documents which referred to Plaintiff's unsuccessful attempts to redirect the delivery of his mail from the house where he used to live with his wife, Defendant Rebekah Chandler Greenlee, (318 Astor Street in Saginaw, Michigan) to his new address (519 Astor Street).

On December 4, 2003, after screening the complaint pursuant to 42 U.S.C. § 1915(e)(2)(B), the undersigned issued a Report and Recommendation ("R&R") suggesting that the case be *sua sponte* dismissed because Plaintiff's allegations of "mail fraud" and "identity theft" failed to state a claim upon which relief could be granted. (Dkt. 7.) Plaintiff filed objections to the R&R on December 16, 2003, wherein he stated that he had been told by the mailman at least twice that his mail was left at "318 Astor and 631 Jefferson, which is the same house." (Dkt. 8 at 2.) He asked the Court to please assist him in receiving his mail. (*Id.*)

On April 26, 2005, Judge Lawson adopted the R&R and dismissed the complaint to the extent that it attempted to raise claims of mail fraud or civil rights violations.[1] The court found, however, that, construing the complaint liberally, it touched upon the elements of claims for trademark infringement and conversion, and therefore directed that Plaintiff be given the opportunity to amend his complaint to clarify his allegations with respect to those two claims. (Dkt. 9 at 6.) On May 4, 2005, Plaintiff was instructed to submit an amended complaint, which he did on May 27, 2005. (Dkt. 11.) The amended complaint is identical to the original except for the addition of the words "I would like to amended [sic] this complaint," and the attachment of several new pages of exhibits.[2] The new exhibits include a copy of Plaintiff and Defendant's

---

[1] Three defendants (Ben, James, and John Benjamin) who were listed in the caption but not mentioned in the body of the complaint were also dismissed.

[2] Like the original complaint, the amended complaint contains no request for any form of relief.

2

Judgment of Divorce dated May 25, 2004, and several pages printed out from the Michigan Department of Labor and Economic Growth website. The documents are from the website's "Corporation Division Business Entity Search," and they show that Greenlee's Spices, Inc., was incorporated on September 5, 2001, and dissolved on May 13, 2004. Plaintiff has also attached one page of an undated and incomplete Michigan Department of Consumer and Industry Services Application for Registration of Trademark/Service Mark form. The portion of the form intended to be completed and stamped by the State is blank.

After reviewing the amended complaint and exhibits, I conclude that a Report and Recommendation is warranted.

### B.     Standard of Review

Because Plaintiff is proceeding *in forma pauperis,* the case is subject to the provisions of 28 U.S.C. § 1915(e)(2), which provides in pertinent part that, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal. . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6). A *pro se* litigant's complaint is to be construed liberally, *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)), that is, it is held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Such complaints, however, must plead facts sufficient to show

a cognizable legal wrong has been committed from which plaintiff may be granted relief. FED. R. CIV. P. 12(b); *cf. Faretta v. California*, 422 U.S. 806, 834 n.46, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) (observing that "[t]he right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with the relevant rules of procedural and substantive law").

### C. Trademark Infringement

"Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides a federal cause of action for infringement of marks and trade dress that have not obtained federal registration."[3] *Tumblebus, Inc. v. Cranmer*, 399 F.3d 754, 760-61 (6th Cir. 2005) (citing *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768, 112 S. Ct. 2753, 120 L. Ed. 2d 615 (1992); *ETW Corp. v. Jireh Publ'g, Inc.*, 332 F.3d 915, 921 (6th Cir. 2003); *Gray v. Meijer, Inc.*, 295 F.3d 641, 645 (6th Cir. 2002)). To establish a *prima facie* case for trademark infringement under the Lanham Act, the plaintiff must prove that: (1) the mark is distinctive and has been used in commerce; (2) the plaintiff is the legal or equitable owner of the mark; (3) the defendant is using a similar mark which is likely to cause

---

[3]The statute provides in pertinent part that

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –

    (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . .

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C.A. § 1125.

confusion among consumers as to the source of the parties' respective goods and services. The "keystone" of such a case is the likelihood of confusion in the minds of the consumer:

> In many factual situations, the same result is reached whether the legal wrong is called trademark infringement or unfair competition. In such cases the courts often lump them together and speak of them as identical concepts. Today, the keystone of that portion of unfair competition law which relates to trademarks is the avoidance of a likelihood of confusion in the minds of the buying public. Whatever route one travels, whether by trademark infringement or unfair competition, the signs give direction to the same enquiry — whether defendant's acts are likely to cause confusion.

1 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 2:8 (4th ed.) (footnotes omitted).

In this case, Plaintiff's only two assertions are (1) that the post office is still delivering his mail to his old address despite his attempts to correct the problem (see Plaintiff's letter to U.S. Postal Service, attachment 1 to Am. Compl., asking why his mail is being "re-routed" to his ex-wife), and (2) that he "believes" that Greenlee Spices is being used as a vehicle to transport illegal substances. (Am. Compl., Dkt. 11.) Presuming that Plaintiff is attempting to allege that his ex-wife, Defendant Rebekah Chandler Greenlee,[4] is somehow using the name "Greenlee Spices" to transport illegal substances, Plaintiff nevertheless has not alleged any facts that implicate the "keystone" element of a trademark infringement claim – likelihood of confusion in the minds of consumers. First, Plaintiff has not alleged that Defendant is using "Greenlee Spices" to *sell* illegal substances, and therefore, even assuming Plaintiff's allegation to be true, there are no consumers who could possibly be confused. Second, a defendant in a trademark infringement suit may rebut a plaintiff's showing of likely confusion by demonstrating that the goods or services of the parties are non-competitive and unrelated. *See generally* McCarthy, *supra*, Chs. 23, 24 and 26. Plaintiff's

---

[4] I note that in the caption of the Amended Complaint, which was filed after the parties' divorce became final, Defendant's name is listed as "Rebekah Chandler."

5

barbeque spices can certainly not be considered in any way "related" to illegal substances, and "dealers" of these two "products" are undeniably not in competition with each other.

Even a *pro se* plaintiff's complaint must contain either direct or inferential allegations respecting all of the material elements of a cause of action. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). In this case, construing the amended complaint liberally, I suggest that it fails to contain direct or inferential allegations that would indicate a likelihood of confusion in the minds of Plaintiff's customers, and therefore I suggest that Plaintiff has failed to state a claim for trademark infringement.

**D.     Conversion**

Plaintiff's remaining claim is a common law conversion claim under Michigan law. (Dkt. 9 at 6.) I suggest that, pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966), this Court should decline to exercise its discretion to entertain the pendent state law claim. *Id.* at 726 (noting that generally "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well"). *See also Hankins v. The Gap, Inc.*, 84 F.3d 797, 802-03 (6th Cir. 1996) (when all federal claims have been dismissed at a pretrial stage and the parties are non-diverse, the district court should decline to exercise supplemental jurisdiction over the remaining state law claims).

**III.    REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932

F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

|  |  |
|---|---|
|  | s/ *Charles E. Binder* |
|  | CHARLES E. BINDER |
| Dated: August 9, 2005 | United States Magistrate Judge |

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, and served in the traditional manner on Talmadge Greenlee, III, and Honorable David M. Lawson.

|  |  |
|---|---|
| Dated: August 9, 2005 | By    s/Mary E. Dobbick |
|  | Secretary to Magistrate Judge Binder |